Filed 12/27/13  P. v. Elliott CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIE O. ELLIOTT, JR.,<br><br>    Defendant and Appellant. | B248231<br><br>(Los Angeles County<br>Super. Ct. No. NA093117) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Tomson T. Ong, Judge.  Affirmed.

_____

Carey D. Gorden, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

An information, filed on September 18, 2012, charged Willie O. Elliott, Jr., with one count of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and specially alleged a great-bodily-injury enhancement (§ 12022.7, subd. (a)). The information specially alleged that Elliott had suffered three prior serious or violent felony convictions or juvenile adjudications that qualified as strikes under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and that two of them, serious felony convictions, subjected him to five-year enhancements under section 667, subdivision (a)(1). It also specially alleged that Elliott had served four prior prison terms within the meaning of section 667.5, subdivision (b).

According to the preliminary hearing transcript, on the afternoon of August 15, 2012, Elliott and another man approached Jeffrey Condon in Lincoln Park and began an argument with him. The man with Elliott pushed Condon to the ground, and Elliott raised his foot "high in the air" and stepped on Condon's leg. When police arrived, Condon was lying on his back on the grass being treated by paramedics; "it appeared that the foot and the leg were not in the proper position." Condon's leg was broken in several places and required surgery to repair.

After initially entering a not guilty plea and denying the special allegations, on November 14, 2012, Elliott withdrew his not guilty plea and pleaded no contest to a violation of section 245, subdivision (a)(4). Elliott also admitted the truth of the special allegations that he had inflicted great bodily injury on Condon pursuant to section 12022.7, subdivision (a), and that he had served four prior prison terms within the meaning of section 667.5, subdivision (b). The trial court sentenced Elliott to 11 years in state prison, consisting of the upper term of four years for the section 245, subdivision (a)(4), conviction, plus three years for the great-bodily-injury enhancement and one year for each of the four prior prison terms. The court, however, suspended execution of sentence and placed Elliott on three years formal probation. As conditions

---

[1]     Statutory references are to the Penal Code.

2

of probation, the court directed Elliott to "[o]bey all laws" and to "stay away from Lincoln Park."

On February 8, 2013, the People reported to the trial court that Elliott had violated conditions of his probation. The court set a formal probation violation hearing for April 2, 2013. At that hearing, the People presented evidence that police officers had arrested Elliott in Lincoln Park on the afternoon of February 6, 2013 for being intoxicated in public. In breathalyzer tests conducted at the police booking facility after his arrest, Elliott's blood alcohol content measured .28 and .3. Elliott testified in his defense. He admitted that he had drunk alcohol that morning, as well as some vodka at a bus stop near the park "right before [he] got arrested," but said that he is an alcoholic and "take[s] care of [him]self every day." He also admitted to going into Lincoln Park, but said that he did so as a parent to protect his son from some men who his son had reported "were trying to jump on" his son. Elliott entered the park after leaving the train station where he had watched his son get on the train to go home per his instructions. The court found Elliott in violation of probation on two grounds: (1) drinking in public in violation of Long Beach Municipal Code 9.22.010, and (2) entering Lincoln Park in violation of the stay away order. It revoked probation and imposed the previously suspended 11-year prison term. Elliott appealed.

We appointed counsel to represent Elliott in the matter. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On October 28, 2013, we directed appointed counsel to immediately send the record on this appeal and a copy of the opening brief to Elliott and notified Elliott that within 30 days from the date of the notice he could submit by letter or brief any ground of appeal, contention or argument he wished us to consider. We did not receive a response.

We have examined the entire record and determined that substantial evidence supports the trial court's decision to revoke probation. We may not reweigh that evidence. We are satisfied that Elliott's attorney has fully complied with her

3

responsibilities and that no arguable appellate issue exists.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


ROTHSCHILD, Acting P. J.

We concur:


CHANEY, J.


JOHNSON, J.

4